CTJ
ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FW 031144
AUG 1 0 2018
12:21 pm

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the

CLERK, U.S. DISTRICT COURT

By _____
                    Deputy

**418-CV-662-A**

Bao-Quoc tran Nguyen
_Petitioner_

v.

Bill Waybourn
_Respondent_
(name of warden or authorized person having custody of petitioner)

Case No. 1546160
_(Supplied by Clerk of Court)_

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name: Bao-Quoc Tran Nguyen
    (b) Other names you have used: _____

2.  Place of confinement:
    (a) Name of institution: Tarrant County Jail
    (b) Address: 100 N LAMAR STREET

    (c) Your identification number: 0909 413

3.  Are you currently being held on orders by:
    ☐ Federal authorities   ☑ State authorities   ☑ Other - explain:
    "Judge"

4.  Are you currently:
    ☑ A pretrial detainee (waiting for trial on criminal charges)
    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
        (a) Name and location of court that sentenced you: _____

        (b) Docket number of criminal case: _____
        (c) Date of sentencing: _____
    ☐ Being held on an immigration charge
    ☑ Other _(explain)_: Contempt of Court - Court was not
    in Session, NO JUDGE OR MAGISTRATE PRESENT.

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example,
    revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☑ Pretrial detention

☐ Immigration detention

☐ Detainer

☑ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
maximum or improperly calculated under the sentencing guidelines)

☑ Disciplinary proceedings

☑ Other *(explain):* Can have no copies of discovery. Contempt of
Court Charge was given while in jail — AFTER Second
bond was posted. No Court in Session.

6.      Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: Tarrant County Court
Criminal Court 6

(b) Docket number, case number, or opinion number:                    1546160

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed):*
Contempt of Court, Harassment

(d) Date of the decision or action:

## Your Earlier Challenges of the Decision or Action

7.      **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☐ Yes          ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:

(2) Date of filing:

(3) Docket number, case number, or opinion number:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) If you answered "No," explain why you did not appeal: Can not file any
motions - gaurds refuse to let him give
them or submit any paperwork.

8.      **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes          ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (a)  If "Yes," provide:

            (1)  Name of the authority, agency, or court:

            (2)  Date of filing:

            (3)  Docket number, case number, or opinion number:

            (4)  Result:

            (5)  Date of result:

            (6)  Issues raised:

    (b)  If you answered "No," explain why you did not file a second appeal: *See first appeal*

9.    **Third appeal**

    After the second appeal, did you file a third appeal to a higher authority, agency, or court?

    ☐ Yes          ☑ No

    (a)  If "Yes," provide:

            (1)  Name of the authority, agency, or court:

            (2)  Date of filing:

            (3)  Docket number, case number, or opinion number:

            (4)  Result:

            (5)  Date of result:

            (6)  Issues raised:

    (b)  If you answered "No," explain why you did not file a third appeal:

10.    **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ☑ Yes          ☐ No

    If "Yes," answer the following:

    (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

        ☑ Yes          ☒ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: County Criminal Court Number Six of Tarrant County Texas

(2) Case number: 1546160

(3) Date of filing: 7/11/2018

(4) Result: Judge left the hearing and refused to talk.

(5) Date of result: 17th July, 2018

(6) Issues raised: Solitary Confinement, bond Conditions Contempt of Court Bond unreasonable - No bond Set - Unlawfully Restrained Charged with a misdemeanor but serving worse than murders.

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

❏ Yes          ☑ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: Time limitations.

_____

_____

_____

_____

_____

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

❏ Yes          ☑ No

If "Yes," provide:

(a) Date you were taken into immigration custody: _____

(b) Date of the removal or reinstatement order: _____

(c) Did you file an appeal with the Board of Immigration Appeals?

❏ Yes          ❏ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

(d)     Did you appeal the decision to the United States Court of Appeals?

☐ Yes                    ☑ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

12.     **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☑ Yes                    ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application:     *Habeus Corpus*

(b) Name of the authority, agency, or court:     *Tarrant County Criminal Court 6*

(c) Date of filing:     *7-11-18*

(d) Docket number, case number, or opinion number:     *1546160*

(e) Result:     *IGNORED*

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Grounds for Your Challenge in This Petition**

13.     State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Unlawfully restrained of his liberty in Tarrant County Jail over 30 days of Solitary with no sonlight or exersize. No reason stated.

(a) Supporting facts *(Be brief. Do not cite cases or law.):*
Video and Inmate Log evidence

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes   ☑ No

**GROUND TWO:** Unlawfully held on Contempt of Court Charge.

(a) Supporting facts *(Be brief. Do not cite cases or law.):*
Judge was never present to charge bao, Court was never in session, Charge wes added a week after Confinement without any type of warning or reason.

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes   ☑ No

**GROUND THREE:** No bond set for a Class B misdemeanor.

(a) Supporting facts *(Be brief. Do not cite cases or law.):*
Bond was posted and paid with NO conditions conditions were added last minute and refered to as a "Contract" several times. While refusing BAO a lawyer to be present.

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes   ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** Unreasonable Bond Conditions

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

Defendent is not a threat to Society; there is no danger to the alleged injured party that which a "NO CONTACT" condition could reasonably provide assurances and the defendent will appear in court as scheduled even in the absence of the unreasonable bond conditions.

(b) Did you present Ground Four in all appeals that were available to you?

☑ Yes          ☐ No

14.   If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: Judge Refused to answer questions & clarifications walked off the stand mid-hearing.

**Request for Relief**

15.   State exactly what you want the court to do: Recuse the current Judge John Weeks, Release Bao on reasonable Conditions and ~~█████████████████~~.

Dismiss all charges.

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 08-09-2018

_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

Jim Peters — processserver
psc 2472

COPY

FILED
TARRANT COUNTY TEXAS

2018 AUG 10  AM 11: 50

MARY LOUISE GARCIA
COUNTY CLERK

BY

1

IN THE TARANT COUNTY COURT

IN AND FOR THE STATE OF TEXAS

Name: State of Texas

Case No.: 154 6160

Party: Plaintiff

**Notice Of:**

**Right To Jury Trial**

vs.

**Right To Be Sentenced By Jury**

Name: Bao Nguyen

**JURY DEMAND**

Party: Defendant

Memorandum of Law:

Judicial Notice is hereby given of the following authorities in this matter:

i) United States Constitution, in its entirety, and in particular, Amendments I, II, IV, V, VI, VIII, IX, and XIV;

ii) Texas Constitution, in its entirety, and in particular Article I, §§ 8, 10, 12, 13, 15, 22, 23, 27;

iii) Volume I, United States Code, Declaration of Independence;

iv) 42 U.S.C. § 1983;

v) 18 U.SC. §§ 241, 242;

vi) Faretta v. California, (422 U.S. 806, (U.S. Supreme Court, 1975)).

28

1

U.S. Constitution Amendment VI States:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

Texas Constitution Article 1 States:

Sec. 2. INHERENT POLITICAL POWER; REPUBLICAN FORM OF GOVERNMENT. All political power is inherent in the people, and all free governments are founded on their authority, and instituted for their benefit. The faith of the people of Texas stands pledged to the preservation of a republican form of government, and, subject to this limitation only, they have at all times the inalienable right to alter, reform or abolish their government in such manner as they may think expedient.

Sec. 10. RIGHTS OF ACCUSED IN CRIMINAL PROSECUTIONS. In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. He shall not be compelled to give evidence against himself, and shall have the right of being heard by himself or counsel, or both, shall be confronted by the witnesses against him and shall have compulsory process for obtaining witnesses in his favor, except that when the witness resides out of the State and the offense charged is a violation of any of the anti-trust laws of this State, the defendant and the State shall have the right to produce and have the evidence admitted by deposition, under such rules and laws as the Legislature may hereafter provide; and no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury, except in cases in which the punishment is by fine or

28

imprisonment, otherwise than in the penitentiary, in cases of impeachment, and in cases

1    arising in the army or navy, or in the militia, when in actual service in time of war or public
danger.

Sec. 15.  RIGHT OF TRIAL BY JURY.  The right of trial by jury shall remain inviolate.
The Legislature shall pass such laws as may be needed to regulate the same, and to maintain
its purity and efficiency.  Provided, that the Legislature may provide for the temporary
commitment, for observation and/or treatment, of mentally ill persons not charged with a
criminal offense, for a period of time not to exceed ninety (90) days, by order of the County
Court without the necessity of a trial by jury.

At all times imposition of judgment is an act of Political Power. Article I Section 2 of the
Texas Constitution clearly states that political power is inherent in "The People" regardless
how the term "The People" is construed it is always plural and is never a single person,
much less one acting as petty Judicial Officer sitting as a Judge in a Court of Limited
Jurisdiction. The Political Power held by the People is the State's Sovereignty, *in se*. For any
individual to claim to unilaterally possess the authority of the Sovereign constitutes a claim
of "Sovereign Citizenship", that is, an individual Citizen, by occupation of some public
office, unilaterally possesses, and may unilaterally exercise the Political Power described in
Article I, Section 2 of the Texas State Constitution.

Any claim of such "Sovereign Citizenship" by the Judge sitting in this matter, and any
attempt by that person to order any other officer to impose that claim upon any other person,
by any means, and any assistance by any other state officer to do so constitutes an attempt to
alter or destroy the Constitutional Form of Government of The State of Texas and its
Political Subdivisions, and is sedition in violation of Texas Penal Code 557.001(1).

28

1

For the foregoing reasons then, Defendant gives this Court Judicial Notice that he has a Right to a Jury in this matter to decide each and every element of Fact and Law in this matter, including but not limited to any matters imposing Judgment, and does hereby demand a Jury Therefor.

Submitted to the Court by Defendant, This _10 day of August_____, 20 _18_.

Baoquoc Nguyen, Defendant, Pro Se.

CID# 0909413

Lon Evans Detention Facility,

Tarant County Texas.

28

1

Certificate of Delivery and Service:

The original of this Document was filed in the Court on: _____

by:_____

Copies were delivered as follows:

This Document is Produced And Made Available Free Of Charge To Pro-Se Litigants, By

28   The American Justice Corporation.

COPY

FILED
TARRANT COUNTY TEXAS

2018 AUG 10  AM 11: 50

MARY LOUISE GARCIA
COUNTY CLERK

BY_____

1

## IN THE TARANT COUNTY COURT

## IN AND FOR THE STATE OF TEXAS

Name: State of Texas                    Case No.: 154 6160

**INTERROGATORY UPON DARLA PEEVEY**

Party: Plaintiff

vs.

Name: Bao Nguyen

Party: Defendant


Memorandum of Law:

Judicial Notice is hereby given of the following authorities in this matter:


i) United States Constitution, in its entirety, and in particular, Amendments I, II, IV, V, VI, VIII, IX, and XIV;

ii) Texas Constitution, in its entirety, and in particular Article I, §§ 8, 10, 12, 13, 15, 22, 23, 27;

iii) Volume I, United States Code, Declaration of Independence;

iv) 42 U.S.C. § 1983;

v) 18 U.SC. §§ 241, 242;

vi) Faretta v. California, (422 U.S. 806, (U.S. Supreme Court, 1975)).

28

1

Notice:

This Interrogatory shall operate as a Subpoena pursuant to Texas Code of Criminal Procedure, Chapter 24, whether asked in Deposition, Direct Examination or Cross-Examination.

Pursuant To Texas Code of Criminal Procedure Art. 24.01(a)(1), 24.01(a)(2)(A), 24.01(a)(2)(E):

YOU, Darla Peevey are HEREBY COMMANDED to face the Jury or Record, either at trial in this matter, whether being directly examined or cross-examined, or at any pre-trial Deposition or Hearing in this matter, and answer the following questions:

1)   Are you a "bitch"?

2)   Are you a "cunt"?

3)   Have you ever been a "bitch"?

4)   Have you ever been a "cunt"?

5)   Have you ever called any other person a "bitch"?

6)   Have you ever called any other person a "cunt"?

7)   State for the Record the name of each and every person you claim called you a "bitch".

8)   State for the Record the name of each and every person you claim called you a "cunt".

9)   State for the Record why you believe you should not be called a "bitch".

10)  State for the Record why you believe you should not be called a "cunt".

11)  State for the Record what a "bitch" is.

12)  State for the Record what a "cunt" is.

13)  State for the Record why you claim being called a "bitch" is "offensive" or "abusive"

14)  State for the Record why you claim being called a "cunt" is "offensive" or "abusive".

28

1

This Interrogatory is Issued Directly By Defendant, upon witness and complaining party,
Darla Peevey, pursuant to Texas Code of Criminal Procedure Art. 24.01(d), and shall be
served by being read Pursuant to Texas Code of Criminal Procedure Art 24.04(a)(1), in
whatever Trial or Hearing Darla Peevey appears to testify against Defendant in this matter.

Submitted to the Court by Defendant, This _10 day of August_____, 20 _18_.

Baoquoe Nguyen, Defendant, Pro Se.

CID# 0909413

Lon Evans Detention Facility,

Tarant County Texas.

Certificate of Delivery and Service:

The original of this Document was filed in the Court on: _____

by:_____

Copies were delivered as follows:

This Document is Produced And Made Available Free Of Charge To Pro-Se Litigants, By
The American Justice Corporation.

28

1

FILED
TARRANT COUNTY TEXAS

2018 AUG 10  AM 11: 49

MARY LOUISE GARCIA
COUNTY CLERK

BY_____

COPY

IN THE TARANT COUNTY COURT

IN AND FOR THE STATE OF TEXAS

Name: State of Texas        Case No.: 154 6160

( ) **Motion For:**

Party: Plaintiff

vs.

**(X) Notice Of:**

Name: Baoquoc Nguyen

**Intervening State And Federal Law:**

Party: Defendant

( ) **Proposed Order:**

Memorandum of Law:

1)   This Court is hereby given Judicial Notice of the Following United States, and Texas State Law:

i) United States Constitution, in its entirety, and in particular, Amendments I, II, IV, V, VI, VIII, IX, and XIV;

ii) Texas Constitution, in its entirety, and in particular Article I, §§ 8, 10, 12, 13, 15, 22, 23, 27;

iii) Volume I, United States Code, Declaration of Independence;

iv) 42 U.S.C. § 1983;

v) 18 U.SC. §§ 241, 242;

vi) Faretta v. California, (422 U.S. 806, (U.S. Supreme Court, 1975)).

28

1

Facts:

2)     The Laws stated supra exist and supersede any claims of criminal conduct by opposing party.

3)     The Laws stated supra protect Defendant's Rights to Liberty, Privacy, and Property, His Right To Be Let Alone, and To Be Free From Crime Being Committed Against Him, and His Rights To Due Process, and To Be Free From Malicious Prosecution.

4)     Violations of these Rights by State Officers acting under Color of Official Right are Civil Torts and Crimes under Federal law.

28

1

Notice:

5)      This Court is given Judicial Notice that the aforementioned United States and Texas

State Law applies to all persons, parties, and proceedings in this matter, at all times

including but not limited to:

i) Arrest,

ii) Charge,

iii) Arraignment,

iv) Pre-Trial Hearings, (or absence thereof),

v) Assistance of Counsel (or denial thereof),

vi) Individual's Right to Self-Representation, (and any obstruction to the exercise thereof),

vii) Trial,

viii) Pleas and Plea Agreements,

ix) Sentencing,

x) Appeal and Post Conviction Relief,

and that as such any violation of the laws stated, by any person, party or proceeding against

Defendant in this matter, is a Fundamental Error warranting Dispositive Action, sua-sponte,

by both the Trial Court, and Opposing Party, and by any Court hereafter.

28

1    Submitted to the Court by Defendant, This _10 day of August_____, 20 _18_.

_____

Baoquoc Nguyen, Defendant, Pro Se.

CID# 0909413

Lon Evans Detention Facility,

Tarant County Texas.

Certificate of Delivery and Service:

The original of this Document was filed in the Court on: _____

by:_____

Copies were delivered as follows:

This Document is Produced And Made Available Free Of Charge To Pro-Se Litigants, By
28    The American Justice Corporation.

1



FILED
TARRANT COUNTY TEXAS

2018 AUG 10  AM 11: 48

MARY LOUISE GARCIA
COUNTY CLERK

BY_____

## IN THE TARANT COUNTY COURT

## IN AND FOR THE STATE OF TEXAS

Name: State of Texas

Party: Plaintiff

vs.

Name: Baoquoc Nguyen

Party: Defendant

Case No.: 154 6160

**(X) Motion For:**

**Summary Dismissal With Prejudice**

**(X)   Notice Of: Hearing**

**( ) Proposed Order:**

Memorandum of Law:

Judicial Notice is hereby given of the following authorities in this matter:

i) United States Constitution, in its entirety, and in particular, Amendments I, II, IV, V, VI, VIII, IX, and XIV;

ii) Texas Constitution, in its entirety, and in particular Article I, §§ 8, 10, 12, 13, 15, 22, 23, 27;

iii) Volume I, United States Code, Declaration of Independence;

iv) 42 U.S.C. § 1983;

v) 18 U.SC. §§ 241, 242;

vi) Faretta v. California, (422 U.S. 806, (U.S. Supreme Court, 1975)).

28

1

Facts:

Defendant in this matter, Mr. Baoquoc Nguyen, has been accused of a crime in this matter for conduct alleged to have been committed by others.

The conduct alleged as *acti rei* is entirely Lawful Activity, the commission of which is protected by the authorities cited in Paragraph 1, supra, namely the United States Constitution, the Constitution of The State of Texas, and Federal Law.

Constitutionally protected activity is both an Absolute Immunity and Affirmative Defense to charges of violating Texas Penal Code 42.07, or any subsection or subsections thereof.

28

1

Grounds For Relief:

I) This Motion incorporates and restates Defendant's separate Motion To Strike as Grounds for granting This Motion.

II) Failure To State A Prima Facie case against Defendant:

The Relevant portion of the Arrest Warrant Affidavit states:

custody Nguyen gave the verbal instruction, to the approximate 1000 viewers of the YouTube live stream, to start "call up here." Nguyen indicated that he did not know the number but that the viewers could Google it.

And:

Viewers then started posting the contact numbers for the Crowley Police Department, Crowley City Court and Judge Peevey's personal office, as she is a practicing attorney. Within minutes of Nguyen giving the order for the viewers to start calling, the Law Office of Darla Peevey received numerous phone calls. The exact number of calls can't be identified as the office does not have

According to the Charging Document, Defendant instructed some imaginary group of persons to call the location he was being arrested. The facts alleged indicate Defendant was not located anywhere near Darla Peevey, nor her place of business at the time he was arrested.

The Charging Document fails to make any factual or evidentiary claim whatsoever that any "YouTube" live stream, whatever that may be, was taking place anywhere.

The Charging document fails to make any factual or evidentiary claim whatsoever that any person anywhere is or was viewing anything, "live", "YouTube" or otherwise.

The Charging document fails to make any factual or evidentiary claim whatsoever that any viewer of anything anywhere did "post" anything, or call anybody.

28

1    The Charging Document clearly states that the "instruction", (not order), that Defendant gave was for others to call him. (Not Peevey).

All persons are free to call Darla Peevey a "bitch". To Wit:

"The term bitch is an opprobrious name for a woman, especially a lewd woman. It has not been thought to imply want of chastity nor to mean prostitute. It is generally held not to be libelous per se to call a woman a 'bitch'". (*Schurrick v. Coleman*, 50 Ind. 336; *Craig v Pyles* 39 S.W. 33; *Blake v. Smith*, 34 A. 995; *Craver v Norton*, 86 N.W. 54; *Shields v. State*, 16 S.E. 66; *Roby v. Murphy*, 27 Ill. App. 394; *McMahon v. Hallock*, 1 N.Y.S. 312; *Nealon v. Frisbie*, 31 N.Y.S. 856).

All persons are free to call Darla Peevey a cunt. The charging statute does not prohibit any person from calling Darla Peevey a "cunt".

Nothing in the Arrest Warrant Affidavit alleges that calling Darla Peevey a "cunt" resulted in any kind of criminal consequences nor criminal injury to any party.

The Arrest Warrant Affidavit fails to allege that any person calling Darla Peevey a "cunt" constitutes any kind of crime.

The Charging Document fails to state with specificity each and every element of the offense charged, and with specificity which sections of TPC 42.07 Defendant is charged with violating. Opposing Party's claim appears to be a "shotgun pleading" attempting to charge the entirety of Texas Penal Code 42.07(a) against Defendant. The facts alleged clearly indicate that no contact whatsoever was made by Defendant with complainant Darla Peevey. Texas Penal Code 42.07(a)(1) applies to direct personal contact. Section 42.07(a)(4) means

28    that a person caused a telephone to ring repeatedly by some automated mechanism, or that

1   they individually called that telephone multiple times, not that other people responded to any

request to call a particular person. The facts alleged indicate that the "electronic

communications" were all supposedly telephone calls, and that all those "electronic

communications" were NOT made by Defendant.

The Charging Document fails to make any kind of prima facie showing of criminal intent as

required by 42.07(a), and as such is void on its face. The alleged utterance made by

Defendant, "call up here" conveys no request to any party that they harass, annoy, alarm,

abuse, torment, or embarrass any other party.

Per TPC 42.07(b)(3), "Obscene" means: "containing a patently offensive description of or a

solicitation to commit an ultimate sex act, including sexual intercourse, masturbation,

cunnilingus, fellatio, or anilingus, or a description of an excretory function".

With regard 42.07(a)(1), while any sexual act with Darla Peevey might be obscene in se, as

might be any description thereof, the Arrest Warrant Affidavit clearly indicates that no

solicitation thereto was made by Defendant, nor was any description thereof given by

Defendant. The facts alleged clearly indicate the following:

i) No party solicited nor described sexual intercourse with Darla Peevey, (Repugnant though

such may be);

ii) No party described Darla Peevey masturbating, nor did any party solicit her to do so

unilaterally, nor for her to masturbate any other party or parties;

iii) No party described licking Darla Peevey's vagina (nauseating though it might be), nor

did any party solicit her to allow them to do so. (Likewise unimagineable);

iv) No party described any contact whatsoever between any Penis, or Penes, and Darla

28   Peevey's mouth, nor did any party solicit Darla Peevey for the performance of such an act;

v) No party did lick, nor suggest the licking of Darla Peevey's anus, nor did any party describe nor solicit the licking of any anus by Darla Peevey;

vi) No party did urinate, defecate, nor expectorate upon Darla Peevey, nor describe any such act, nor solicit any party to urinate, defecate, nor expectorate upon Darla Peevey, nor did any party solicit Darla Peevey to do so upon them.

The Charging Document further states:

> When Peevey returned to her Office, she found that she had received numerous calls to her phone line using terms identified as "bitch," and "cunt." Peevey found these terms to be offensive and profane while being used in an abusive manner. Peevey completed a statement as ... to be attached to the incident.

... same day that Nouven came

Nothing in TPC 42.07 states that any finding by Darla Peevey, (qualitative or otherwise), constitutes gravamen of offense, nor probable cause to charge any person with any crime. It is wholly irrelevant how Darla Peevey "finds" any word itself, and it is wholly irrelevant how Darla Peevey "finds" any word being used. Simply put, just because Darla Peevey found something to be something or other, does not mean anybody else committed any crime.

The Charging Statute reads that a person must commit a combination, of all of TPC 42.07 Subsections (a)(1) – (a)(6) together, or alternately a violation of the singular Subsection 42.07(a)(7). Nothing in the Charging Document alleges that Defendant committed any violation of TPC 42.07(a) Subsection (2), (3), (5) or (6).

1

IV) Unconstitutionality of Charging Statute:

Texas Penal Code 42.07 is unconstitutional on its face or as-applied in the Instant Case because:

The statute defendant is charged with violating fails to either state nor accomplish any compelling governmental objective.

Any presumptive compelling governmental objective for the Charging Statute in this matter can be achieved by less violative means than those applied in the instant case.

Enforcing the Charging Statute as it has been in this matter has a "chilling effect" on all persons engaged in the Constitutionally Protected Activity described in the Arrest Warrant Affidavit, including those beyond the lawful jurisdiction of The State of Texas. Because of the prosecution of Defendant by this matter, that "chilling effect" is being and will continue to be perpetrated across state lines, by officers of trust and for-profit of the State of Texas, acting both individually, and in their Official Capacity, under color of official right, and in violation of the Federal Laws cited supra.

If it is opposing party's contention that the language of Texas Penal Code 42.07 is such that singularly committing any of the acts proscribed by subsections (a)(1) – (a)(7), constitutes a Public offense, then that statute is void for its vagueness, as it can just as easily be read as requiring a combination of acts in violation of all of subsections (a)(1) – (a)(6) together, or alternately a violation of the single subsection (a)(7).

28

1

V) Lack of Jurisdiction:

This Court is a Court of Limited Jurisdiction. It is not a Court of Record. This Court acts as a Trier of Fact, and only facts may be tried herein, not the law. Constitutionally Protected Activity is absolutely immune from being charged as any violation of Texas Penal Code 42.07. That the alleged criminal conduct engaged in is and was Constitutionally Protected is an Affirmative Defense. Because such a Defense necessitates a trial on both the facial Constitutionality of the Charging Statute, and its Constitutionality as applied in the Instant Case, this Forum is improper, and this case must be summarily dismissed for This Court's lack of Subject Matter Jurisdiction to hear and decide Defendant's Affirmative Defense. This Court is likewise devoid of Jurisdiction to rule on Dispositive Motions based in Constitutional Claims. Being unable to avail to Defendant these Opportunities to Defend, this Forum cannot afford Defendant Due Process, and this matter must be dismissed, sua-sponte, as this Court is an improper venue to bring the claim.

This Court has "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution." (*Cohens v. Virginia*, 6 Wheat. 264. (U. S. Supreme Court , 1821) )

VI) De Minimis / Availability of Other Remedy:

When females behave as Darla Peevey does, or have the character and personality of Darla Peevey, it is perfectly ordinary behavior for Men to call such a woman a "bitch" or a "cunt". It is likewise perfectly ordinary female behavior for a female to call another female a "bitch" or a "cunt", for any number of reasons. (And they can likewise be considered subject matter experts on the question, as well). As such, perfectly ordinary behavior engaged in by all persons cannot be considered any kind of Public offense. Further, upon interrogatory, if it is shown that Darla Peevey has ever called any person a "bitch" or a "cunt", she cannot then

28

sustain any claim that such words are harassing, annoying, alarming, abusive, tormentous, nor embarrassing to her. If Darla Peevey claims that she has never called anyone a "bitch" or a "cunt", she is most certainly lying.

Nothing in being called a "bitch" or a "cunt" precludes Darla Peevey from pursuing Civil Actions against those persons who allegedly did so.

There is no penalty for truth. As with Libel and Slander allegations, Truth is an absolute defense to the charge alleged, "harassment". To Wit: If it can be shown by her conduct attendant to this matter, that Darla Peevey is in fact a "bitch" or is in fact a "cunt", then no claim by any party of her being such, nor any calling of her thus, by any party constitutes any kind of harassment.

### Conclusion:

In short, Darla Peevey became "annoyed" because people do not like her. No one is required to like Darla Peevey. Not liking Darla Peevey is not any kind of crime. Expressing that dislike of Darla Peevey to Darla Peevey does not constitute any kind of crime. Nothing in Darla Peevey's self-importance imbues any kind of criminality upon others for their failure to pay tribute thereto.

### Notice Of Hearing:

Defendant hereby notifies opposing party that This Motion To Dismiss shall be heard on the date of Trial, or at the next pre-trial hearing in this matter, after Opposing Party had received proper service of this Motion.

1    Submitted to the Court by Defendant, This _10ᵗʰ_ _day_ _of_ _August_ , 20 _18_ .


Baoquoc Nguyen, Defendant, Pro Se.

CID# 0909413

Lon Evans Detention Facility,

Tarant County Texas.


Certificate of Delivery and Service:


The original of this Document was filed in the Court on: _____

by:_____


Copies were delivered as follows:


This Document is Produced And Made Available Free Of Charge To Pro-Se Litigants, By

28   The American Justice Corporation.

1

COPY

FILED
TARRANT COUNTY TEXAS

2018 AUG 10  AM 11: 47

MARY LOUISE GARCIA
COUNTY CLERK

BY____

IN THE TARANT COUNTY COURT

IN AND FOR THE STATE OF TEXAS

Name: State of Texas

Case No.: 154 6160

**Memorandum of Law**

Party: Plaintiff

vs.

Name: Baoquoc Nguyen

Party: Defendant

Memorandum of Law:

This Court is hereby given Judicial Notice of the Following points and authorities in this matter:

I) Pro-Se Pleadings:

Pro Se litigants are "held to a less stringent standard". (Haines v. Kerner, 404 U.S. 519, (1972); White v. Bloom, 621 F.2d 276; Cruz v. Beto, 405 U.S. 319, (1972); Boag v. MacDougall, 454 U.S. 364, (1982); Estelle v. Gamble, 429 U.S. 97, (1976); Conley v. Gibson, 355 U.S. 41, (1957); McDowell v. Delaware State Police, 88 F.3d 188; United States v. Day, 969 F.2d 39, 42 (3rd Cir. 1992); Then v. I.N.S., 58 F.Supp. 2d 422, (D.N.J. 1999); S.E.C. v. Elliott, 953 F.2d 1560 (11th Cir. 1992); United States v. Miller, 197 F.3d 644, (3rd Cir. 1999); Poling v. K. Hovnanian Enterprises, 99 F.Supp. 2D 502 (D.N.J. 2000); Vega v. Johnson, 149 F.3d 354 (5th Cir. 1998); U.S. v. Sanchez, 88 F.3d 1243 (D.C.Cir.

28

1

1996); Bonner v. Circuit Court of St. Louis, 526 F.2d 1331 (8th Cir. 1975); Bramlet v. Wilson, 495 F.2d 714 (8th Cir. 1974)).

II ) Trial On The Merits:

"A court should proceed with the understanding that it is preferable to decide cases on their merits rather than on procedural grounds". (Bugoni v. C & M Towing, 10th Dist. Franklin No. 12AP-62, 2012-Ohio-4508, ¶ 5, cited in First Union-Lehman Bros.-Bank of Am. Commercial Mtge. Trust v. Pillar Real Estate Advisors, Inc., 2014-Ohio-1105. ¶ 15).

III) Unconstitutionality of State Statutes:

Marbury v. Madison, 1 Cranch 137, (1803),

Norton v. Shelby County, 118 U.S. 425, (1886).

Submitted to the Court by Defendant, This _10 day of August_ , 20 _18_ .

Baoquoc Nguyen, Defendant, Pro Se.

CID# 0909413

Lon Evans Detention Facility,

Tarant County Texas.

28

1

Certificate of Delivery and Service:

The original of this Document was filed in the Court on: _____

by:_____

Copies were delivered as follows:

This Document is Produced And Made Available Free Of Charge To Pro-Se Litigants, By

28    The American Justice Corporation.

1

COPY

FILED
TARANT COUNTY TEXAS

2018 AUG 10  AM II: 48

MARY LOUISE GARCIA
COUNTY CLERK

BY_____

## IN THE TARANT COUNTY COURT

## IN AND FOR THE STATE OF TEXAS

Name: State of Texas

Party: Plaintiff

vs.

Name: Bao Nguyen

Party: Defendant

Case No.: 154 6160

( )  **Motion For:**

(X)  **Notice Of:**

**Appearance Pro Se**

( )  **Proposed Order:**

Memorandum of Law:

1)    Judicial Notice is hereby given of the following authorities in this matter:

i) United States Constitution, in its entirety, and in particular, Amendments I, II, IV, V, VI, VIII, IX, and XIV;

ii) Texas Constitution, in its entirety, and in particular Article I, §§ 8, 10, 12, 13, 15, 22, 23, 27;

iii) Volume I, United States Code, Declaration of Independence;

iv) 42 U.S.C. § 1983;

v) 18 U.SC. §§ 241, 242;

vi) Faretta v. California, (422 U.S. 806, (U.S. Supreme Court, 1975)).

28

1

Facts:

2)      Defendant in this matter, Mr. Bao Nguyen, defends this matter unilaterally Pro – Se, and hereby gives this Court Notice of that Fact.

3)      Defendant in this matter, Mr. Bao Nguyen, has a Constitutionally Protected Right To Defend Pro Se in this matter, and hereby gives this Court notice of his exercising that Right, unilaterally.

4)      Any obstruction, or attempt to obstruct Defendant in the Free Exercise of that Right, or to deny him the Enjoyment of that Right is a crime under Federal Law, and fundamental Constitutional infirmity in this matter.

28

1

Notice:

5)     This Court is given Notice Defendant, Bao Nguyen hereby Appears and Defends this

matter Pro Se, unilaterally, and that any Counsel, Representation, or Assistance made by any

other party is solely for the purpose of assisting Defendant in defending his Case Pro Se.

28

1

Submitted to the Court by Defendant, This _10th day of August_, 20 _18_.

Baoquoc Nguyen, Defendant, Pro Se.

CID# 0909413

Lon Evans Detention Facility,

Tarant County Texas.

Certificate of Delivery and Service:

The original of this Document was filed in the Court on: _____

by: _____

Copies were delivered as follows:

This Document is Produced And Made Available Free Of Charge To Pro-Se Litigants, By

28   The American Justice Corporation.

# COPY

FILED
TARRANT COUNTY TEXAS

2018 AUG 10  AM 11: 46

MARY LOUISE GARCIA
COUNTY CLERK

BY_____

1

IN THE TARANT COUNTY COURT

IN AND FOR THE STATE OF TEXAS

Name: State of Texas

Party: Plaintiff

vs.

Name: Baoquoc Nguyen

Party: Defendant

Case No.: 154 6160

**Motion:**

**TO STRIKE IRRELEVANT, IMPERTINENT, AND SCANDALOUS MATTER**

Memorandum of Law:

Judicial Notice is hereby given of the following authorities in this matter:

i) United States Constitution, in its entirety, and in particular, Amendments I, II, IV, V, VI, VIII, IX, and XIV;

ii) Texas Constitution, in its entirety, and in particular Article I, §§ 8, 10, 12, 13, 15, 22, 23, 27;

iii) Volume I, United States Code, Declaration of Independence;

iv) 42 U.S.C. § 1983;

v) 18 U.SC. §§ 241, 242;

vi) Faretta v. California, (422 U.S. 806, (U.S. Supreme Court, 1975)).

28

1    Defendant moves to strike the following portions of opposing party's Arrest Warrant

Affidavit as irrelevant, impertinent, or scandalous:


Page 1 Paragraphs 1, 4, 5

Page 2 Paragraphs 1, 2, 4, 5, 6, 7

Page 3, All.



                              Notice Of Hearing:

Defendant hereby notifies opposing party that This Motion To Dismiss shall be heard on the

date of Trial, or at the next pre-trial hearing in this matter, after Opposing Party had received

proper service of this Motion.



Submitted to the Court by Defendant, This _10th_ _day_ _of_ _August_ , 20 _18_ .


  Baoquoc Nguyen, Defendant, Pro Se.


CID# 0909413

Lon Evans Detention Facility,

Tarant County Texas.

28

1

Certificate of Delivery and Service:

The original of this Document was filed in the Court on: _____

by:_____

Copies were delivered as follows:

This Document is Produced And Made Available Free Of Charge To Pro-Se Litigants, By

28

The American Justice Corporation.