IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| BAO-QUOC TRAN NGUYEN, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | NO. 4:18-CV-662-A |
| § | |
| BILL WAYBOURN, § | |
| § | |
| Respondent. § | |

ORDER

Came on for consideration the application of Bao-Quoc Tran Nguyen ("Nguyen") for a writ of habeas corpus under 28 U.S.C. § 2241. Nguyen's application states that he is a pretrial detainee challenging his confinement in Tarrant County Jail for contempt. The court, having reviewed the petition, finds that it should be dismissed for failure to exhaust state remedies.

A pretrial detainee confined in state custody must exhaust the state remedies available to him before utilizing § 2241. Montano v. Texas, 867 F.3d 540, 542-43 (5th Cir. 2017); Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987). Nguyen admits in his application that he filed a habeas petition in state court on July 11, 2018, in which he challenged his contempt-related confinement on the same grounds raised in the above-captioned action, and that such petition is still pending in state court.

Doc.[1] 1 at 4-6. Because that petition is still pending before the state court in which it was filed, and because Nguyen has not demonstrated that "the available . . . remedies either are unavailable or wholly inappropriate to the relief sought, or [that an] attempt to exhaust such remedies would itself be a patently futile course of action," Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994), the court finds that Nguyen's application should be dismissed.

Therefore,

The court ORDERS that the application of Nguyen for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be, and is hereby, dismissed.

SIGNED August 14, 2018.

_____
JOHN McBRIDE
United States District Judge

---

[1] The "Doc.___" reference is to the number assigned to the referenced item on the docket in this action, No. 4:18-CV-662-A.

2